

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| VS. | § | CASE NO. 1:09-CR-134(3) |
| LIONELL AQUNDUS DAWSON | § § § | |

### FINDINGS OF FACT AND RECOMMENDATION ON GUILTY PLEA BEFORE THE UNITED STATES MAGISTRATE JUDGE

By order of the District Court, this matter was referred to the undersigned United States Magistrate Judge for administration of a guilty plea and allocution under Rules 11 and 32 of the Federal Rules of Criminal Procedure. Magistrate judges have the statutory authority to conduct a felony guilty plea proceeding as an "additional duty" pursuant to 28 U.S.C. § 636(b)(3). *United States v. Bolivar-Munoz*, 313 F.3d 253, 255 (5${}^{th}$ Cir. 2002), *cert. denied,* 123 S. Ct. 1642 (2003).

On , this cause came before the undersigned United States Magistrate Judge for entry of a guilty plea by the defendant, Lionell Aqundus Dawson, **Count One and Count Two** of the

1

charging **Information**[1] filed in this cause. Count One of the Information charges that on or about July 15, 2009, in Jefferson County, in the Eastern District of Texas, the defendant, Lionell Aqundus Dawson, did knowingly and intentionally possess with intent to distribute four (4) grams or more but less than five (5) grams of a Schedule II controlled substance, namely a cocaine mixture or substance containing a detectable amount of cocaine base, to wit "crack cocaine," in violation of Title 21, United States Code, Section 841(a)(1).

Count Two of the Information charges that on or about July 15, 2009, in Jefferson County, Texas, in the Eastern District of Texas, Lionell Aqundus Dawson, defendant, knowingly possessed a firearm, to wit: one (1) .45 caliber Hi-Point handgun bearing a damaged serial number, during and in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, namely possession with intent to distribute a controlled substance in violation of Title 21, United States Code, Section 841, all in violation of 18 U.S.C. § 924(c)(1).

Defendant, Lionell Aqundus Dawson, entered a plea of guilty to Count One and Count Two of the Information into the record at the hearing.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11 the Court finds:

  a.  That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the guilty plea in this cause by a United States Magistrate Judge in the Eastern District of Texas subject to a final approval and imposition of sentence by the District Court.

---

[1] The Defendant executed a waiver of indictment which was addressed by the Court on the record.

b. That Defendant and the Government have entered into a plea agreement which was disclosed and addressed in open court, entered into the record, and placed under seal.

c. That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing, voluntary and freely made plea. Upon addressing the Defendant personally in open court, the Court determines that Defendant's plea is voluntary and did not result from force, threats, or promises. *See* FED. R. CRIM. P. 11(b)(2).

d. That Defendant's knowing, voluntary and freely made plea is supported by an independent factual basis establishing each of the essential elements of the offense and Defendant realizes that his conduct falls within the definition of the crimes charged under Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 924(c)(1).

## **STATEMENT OF REASONS**

As factual support for Defendant's guilty plea, the Government presented the following evidence. *See Factual Basis and Stipulation.* In support, the Government would prove that Defendant, Lionell Aqundus Dawson, is one and the same person charged in the Information and that the events described in the Information occurred in the Eastern District of Texas. The Government would also have proven, beyond a reasonable doubt, each and every essential element of the offenses alleged in the Information through the testimony of witnesses, including expert witnesses, and admissible exhibits. Specifically, the Government would prove the following stipulated facts:

On July 15, 2009, Port Arthur Police Department (PAPD) Officer Paul Arvizo (Arvizo),

as well as members of the PAPD Narcotics Unit assisted in executing a search warrant at 808 10th Street, Suite D, in Port Arthur, Texas, located in the Eastern District of Texas.

Upon entering the apartment, officers detained Lionell Aqundus Dawson (Dawson), Glen Elizie Duncan III (Duncan), Jaquail D'ron Miller (Miller), David Leonard McElroy (McElroy), and Dasih Danette Collins (Collins).

Officers Rowe and Arvizo observed a black Para-Ordinance .45 caliber handgun, serial number RJ 2096, in plain view on the apartment floor, loaded with nine rounds of ammunition. Officer Mouton observed in plain view a .45 caliber Hi-Point handgun which bore a damaged serial number lying on the bed of the bedroom, loaded with nine rounds of ammunition.

An off-white substance Arvizo recognized as "crack" cocaine was observed in plain view in the den, kitchen, and bedroom. Dawson was located approximately four (4) feet away from the "crack" cocaine located in the kitchen when officers entered the residence. "Crack" cocaine was also found in the back bedroom, living room, and inside the black Ford Expedition parked at the front of the residence.

Arvizo also found in the kitchen: a digital scale, baking soda, a razorblade, and a glass Pyrex measuring cup which are all commonly used to manufacture "crack" cocaine. Arvizo also observed and a large amount of white residue inside the microwave which field tested positive for the presence of cocaine, indicating that the microwave had been used to convert powdered cocaine into "crack" cocaine.

Rebekah Sweetenham, an analyst with the Jefferson County Regional Crime Lab, tested all of the suspected "crack" cocaine recovered from 808 10th Street, Suite D, and determined

that it was a mixture or substance containing a detectable amount of cocaine base, commonly known as "crack" cocaine, weighing a total 19.70 grams.

An expert in drug trafficking would testify that the "crack" cocaine found within Dawson's possession, as described herein, was possessed with the intent to distribute and not for personal consumption, and that the .45 caliber Hi-Point handgun was possessed in furtherance of the distribution.

Dawson was informed of his *Miranda* rights and voluntarily agreed to speak with Arvizo. Dawson admitted ownership to the .45 caliber High-Point handgun located in the bedroom.

Defendant, Lionell Aqundus Dawson, agreed with the evidence included in the *Factual Basis and Stipulation.* Counsel for Defendant and the Government attested to Defendant's competency and capability to enter an informed plea of guilty. The Defendant agreed with the evidence presented by the Government and personally testified that he was entering his guilty plea knowingly, freely, and voluntarily.

## RECOMMENDED DISPOSITION

**IT IS THEREFORE** the recommendation of the undersigned United States Magistrate Judge that the District Court accept the Guilty Plea of Defendant which the undersigned determines to be supported by an independent factual basis establishing each of the essential elements of the offenses charged in **Count One and Count Two** of the charging **Information** on file in this criminal proceeding. The Court also recommends that the District Court accept the

plea agreement.[2] Accordingly, it is further recommended that, Defendant, Lionell Aqundus Dawson, be finally adjudged as guilty of the charged offense under Title 21, United States Code, Section 841(a)(1) and 18 U.S.C. § 924(c)(1).

Defendant is ordered to report to the United States Probation Department for the preparation of a presentence report. At the plea hearing, the Court admonished the Defendant that the District Court may reject his plea and that the District Court can decline to sentence Defendant in accordance with the plea agreement, the federal sentencing guidelines and/or the presentence report because the sentencing guidelines are advisory in nature. The District Court may defer its decision to accept or reject the plea agreement until there has been an opportunity to consider the presentence report. *See* FED. R. CRIM. P. 11(c)(3). If the Court rejects the plea agreement, the Court will advise Defendant in open court that it is not bound by the plea agreement and Defendant may have the opportunity to withdraw his guilty plea, dependent upon the type of the plea agreement. *See* FED. R. CRIM. P. 11(c)(3)(B). If the plea agreement is rejected and Defendant still persists in the guilty plea, the disposition of the case may be less favorable to Defendant than that contemplated by the plea agreement. Defendant has the right to

---

[2] "(3) Judicial Consideration of a Plea Agreement.
(A) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report.
(B) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(B), the court must advise the defendant that the defendant has no right to withdraw the plea if the court does not follow the recommendation or request.
(4) Accepting a Plea Agreement. If the court accepts the plea agreement, it must inform the defendant that to the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the agreed disposition will be included in the judgment.
(5) Rejecting a Plea Agreement. If the court rejects a plea agreement containing provisions of the type specified in Rule 11(c)(1)(A) or (C), the court must do the following on the record and in open court (or, for good cause, in camera):
(A) inform the parties that the court rejects the plea agreement;
(B) advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and
(C) advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated." FED. CRIM. P. 11(c)(3)-(5).

allocute before the District Court before imposition of sentence.

**OBJECTIONS**

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 1(a), 6(b), and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 15th day of April, 2010.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE